# IN THE COURT OF APPEALS OF IOWA

No. 16-1984
Filed February 22, 2017

**IN THE INTEREST OF A.S. and W.S.,**
**Minor Children,**

**L.S., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Colin J. Witt, District Associate Judge.


        A mother appeals from the order terminating her parental rights.
**AFFIRMED.**



        Alexandra M. Nelissen of Taylor Law Offices, Des Moines, for appellant mother.

        Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Mary A. Triick, Assistant Attorneys General, for appellee State.

        Kimberly S. Ayotte of Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. She claims the evidence was insufficient to support termination, the termination is not in the best interests of the children, and the juvenile court should have exercised its discretion and applied an exception to termination. We find the evidence was sufficient to terminate the mother's parental rights, termination is in the best interests of the children, and no exception should be applied to the termination. Therefore, we affirm.

## I. Background Facts and Proceedings

W.S. was born in 2005 and A.S. was born in 2003. The children came to the attention of the Iowa Department of Human Services (DHS) on May 23, 2014, after there were allegations A.S. was sexually abused by the mother's boyfriend. DHS found the allegations to be credible and filed a founded child abuse assessment. Therapy was recommended for A.S. but the therapy was canceled by the mother for several weeks. A Child in Need of Assistance (CINA) petition was filed and the juvenile court became involved in August. The CINA petition alleged the mother was interfering with A.S.'s therapy and continuing her relationship with the abuser. The children were found to be in need of assistance. The juvenile court required services, including therapy for the children, but allowed the children to remain with the mother.

Originally, the mother stated she believed A.S. had been abused but did not believe her boyfriend was the abuser. The juvenile court informed the mother the case "was on a fine line" and required her to "fully engage in all services and

cooperate with DHS." On January 30, 2015 the guardian ad litem filed a motion to modify placement. The juvenile court granted the motion as the mother had failed to consistently attend therapy, failed to ensure the children attended therapy, continued to see her child's abuser, and failed to provide any plausible excuse for the missed appointments. The children were placed in foster care.

At a February 9 hearing it was discovered the mother had not attended therapy since November. The mother's therapist had elected to terminate treatment based on her lack of attendance. DHS referred the mother to another therapist specializing in sex abuse treatment; however, the mother chose to use a therapist unknown to DHS. The court further found the mother was not cooperating with the parenting plan requirements concerning "therapeutic engagements that were vital for the mother to be minimally adequate." The mother also continued to communicate with A.S.'s abuser. The placement of the children in foster care was continued and the mother was granted three visits a week with each child.

At a hearing on June 9, 2015, it was found there was a "continuing need for structured accountability between the mother and A.S., an inadequate engagement in therapy, and a lack of adequate housing." The guardian ad litem interviewed and visited the children's grandparents but recommended the children not be placed with them. At a hearing on January 14, 2016, the juvenile court found progress had been made and granted the mother an additional six months. On June 9, 2016 the court found the children had been removed for eighteen months and one six-month extension had been granted. The children

expressed a desire to return to the mother but significant issues still existed which required continued out-of-home placement.

A termination hearing was held October 20. The mother was found to still be inconsistent in attending therapy sessions and combined therapy sessions with the children. She often did not attend her own sessions, did not provide any explanation for the missed visits to her therapist, and lied about conflicts in order to avoid attending group sessions with W.S. The mother was also alleged to be in a new relationship with a registered sex offender. The mother's current housing was a two-bedroom trailer, which she shared with a roommate. At the time of the hearing, she was waiting for a three-bedroom trailer to become available as her current housing could not accommodate the children. Additionally, the mother missed one-third of her visits in July and August 2016 and missed two-thirds of her visits in September. At the time of the termination hearing, the mother had recently lost her job and was unemployed. The juvenile court entered an order terminating the mother's parental rights on November 4, 2016. The mother now appeals.

## II. Standard of Review

The scope of review is de novo in termination cases. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We give weight to the

juvenile court's findings of fact, but are not bound by them. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). The highest concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Sufficiency of the Evidence

The mother claims there was insufficient evidence to terminate her parental rights. The juvenile court terminated her parental rights pursuant to Iowa Code section 232.116(1)(d) and (f) (2016). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *D.W.*, 791 N.W.2d at 707. In order to terminate under section 232.116(1)(f), (1) the child must be four years old or older, (2) the child must have been adjudicated in need of assistance, (3) the child must have been removed from the physical custody of the parent for twelve of the last eighteen months, and (4) the child cannot be returned at the time of termination.

The mother challenges only the fourth element. At the time of the termination hearing, the mother was living in a two-bedroom trailer with a roommate who was on probation. The mother had also recently been terminated from her employment. While the mother had been making limited progress in therapy, this progress had only occurred in the months leading up to the hearing. Last minute efforts "are simply too late." *See C.B.*, 611 N.W.2d at 495. The juvenile court also found the mother was in a relationship with a registered sex offender. Finally, the mother continued to display inappropriate behaviors with the children during visits and telephone calls. We find the children could not be safely returned to the mother at the time of the termination hearing.

### IV. Best Interests of the Children

The mother claims the termination is not in the best interests of the children. After finding a ground for termination exists we are to "consider the factors under section 232.116(2). Section 232.116(2) requires us to give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (internal quotation marks and citations omitted).

The mother claims the children should have been placed in a guardianship with their grandparents. She claims the grandparents, living in a retirement community in Florida, were appropriate guardians of the children and the placement would not have necessitated a termination of her parental rights. The guardian ad litem visited and interviewed the grandparents in Florida. The guardian ad litem was informed the children would not be allowed to live at the grandparents' residence and, therefore, the guardian ad litem did not recommend placement. We too find placement with the grandparents is not feasible and agree with the guardian ad litem and juvenile court.

Additionally, the district court noted "this case has been open since August 5, 2014. The mother has been granted ample time to engage in the services provided. The mother's lack of consistent engagement can be used as an indication of what the future holds for these children if returned to the mother's care." We also agree with the juvenile court's analysis that "these children are still suffering emotionally when the mother does not tend to their needs above

her own. . . . They require consistency, which the mother has not displayed during the two years this case has been open. . . . These children have waited long enough and deserve to not wait any longer." The best indication of a parent's future performance is past performance. *In re S.N.*, 500 N.W.2d 32, 34 (Iowa 1993). The mother's past performance indicates she will be unable to resume care. We find it is in the best interests of the children for parental rights to be terminated.

**V. Exceptions**

We may decide not to terminate parental rights if any exception set out in Iowa Code section 232.116(3) is shown. The mother claims her parental rights should be not terminated because both the children object to the termination. *See* Iowa Code § 232.116(3)(b). She also claims termination should be precluded by the strong bond she has with the children. *See* Iowa Code § 232.116(3)(c). The decision to apply these exceptions to termination is not mandatory but rather discretionary. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).

The juvenile court found both the children had objected to the termination "at times" and "the children have a bond with their mother and arguably termination of the mother's rights could be detrimental to the children." It is indeed understandable these children have expressed some desire to return to their mother's care and it is clear there is a bond between the children and their mother. However, we agree with the juvenile court's assessment that the mother has communicated with the children only sporadically, displayed inappropriate

behaviors during visits with the children, the children "are both acting out and regressing after visits with their mother," and that the mother still does not understand the importance of therapy for both the children and herself. Our overriding concern must be the long-term best interests of the children and we elect not to apply an exception to termination.

**AFFIRMED.**